# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00114-CR

**Joseph Lavelle Brooks, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 61815, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joseph Lavelle Brooks pleaded guilty to the offense of failing to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West 2006). The district court sentenced Brooks to seven years' imprisonment.

Appellant's court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and

was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

In our review of the record, we have discovered a clerical error in the district court's written judgment of conviction. The judgment states the statute for the offense as "62.10 Code of Criminal Procedure." Effective September 1, 2005, the former article 62.10 of the code of criminal procedure was replaced by article 62.102 of the code of criminal procedure. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3407 (codified at Tex. Code Crim. Proc. Ann. art. 62.102 (West 2006)). Article 62.102 is now the correct statute for the offense. This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Smith v. State*, 176 S.W.3d 907, 920 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

We modify the judgment to reflect the correct statute for the offense as "62.102 Code of Criminal Procedure." As modified, the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed:   August 14, 2008

Do Not Publish